**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 282-7878
*Attorneys for Plaintiff*
Our File No.: 120164

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**WHITE PLAINS DIVISION**

| | |
|---|---|
| David Silverman, individually and on behalf of all other similarly situated, | Case No: |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| Midland Credit Management, Inc., | |
| Defendant. | |

David Silverman, individually and on behalf of all other similarly situated ("*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Midland Credit Management, Inc. ("*Defendant*"), as follows:

**INTRODUCTION**

1.      This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

**JURISDICTION AND VENUE**

2.      This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).   The Court has supplemental jurisdiction exists over the any state law claims pursuant to 28 U.S.C. §1367

3.      Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4.      At all relevant times, Defendant conducted business within the State of New York.

**PARTIES**

5.      Plaintiff David Silverman is an individual who is a citizen of the State of New York residing in Nyack County, New York.

6.      Plaintiff is a natural person allegedly obligated to pay a debt.

7.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8.      On information and belief, Defendant Midland Credit Management, Inc., is a California Corporation with a principal place of business in San Diego County, California.

**THE FDCPA AS IT RELATES TO THE CLAIMS HEREIN**

9.      Congress enacted the FDCPA upon finding that debt collection abuse by third party debt collectors was a widespread and serious national problem. *See* S. Rep. No. 95-382, at 2 (1977) *reprinted in* U.S.C.C.A.N. 1695, 1696; 15 U.S.C § 1692(a).

10.      The purpose of the FDCPA is to protect consumers from deceptive or harassing actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by independent debt collectors. *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

11.      To further these ends, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008).

12.      As such, the circumstances of the particular debtor in question have no bearing as to the question of whether there has been a violation of the FDCPA. *See Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012). Indeed, it is not necessary for a plaintiff to show that he or she was confused by the communication received. *Jacobson,* 516 F.3d at 91. Likewise, the plaintiff consumer's actions or inaction in response to a communication from a debt collector are irrelevant. *Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 90 (E.D.N.Y. 2013).

13.      Instead, "the test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives." *Russell,* 74 F.3d at 34.

14.     If a debt collector's communication is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer, it violates the FDCPA. *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001). Similarly, a communication violates the FDCPA if it is "open to more than one reasonable interpretation, at least one of which is inaccurate," or if the communication "would make the least sophisticated consumer uncertain as to her rights." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993); *Jacobson,* 516 F.3d at 90.

15.     The FDCPA is a strict liability statute, and a debt collector's intent may only be considered as an affirmative defense. 15 U.S.C. § 1692k(c); *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). Likewise, "the degree of a defendant's culpability may only be considered in computing damages." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993). A single violation of the FDCPA to establish civil liability against the debt collector. *Id.*

## FACTUAL ALLEGATIONS

16.     Defendant Midland Credit Management, Inc. regularly collects or attempts to collect debts asserted to be owed to others.

17.     Defendant Midland Credit Management, Inc. is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

18.     The principal purpose of Defendant's business is the collection of such debts.

19.     Defendant Midland Credit Management, Inc. uses the mails in its debt collection business.

20.     Defendant Midland Credit Management, Inc. is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

21.     Defendant Midland Credit Management, Inc. alleges Plaintiff owes a debt ("the alleged Debt").

22.     The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

23.     The alleged Debt does not arise from any business enterprise of Plaintiff.

24.     The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

25.     At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

26.     At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

27.     Defendant has sent multiple Letters in its effort to collect the alleged debt.

28.     Defendant sent Plaintiff a Letter to Plaintiff dated December 26, 2019, (the "December Letter").

29.     The Decemeber Letter threatened Legal action if Plaintiff did not send payment by January 25, 2020.

30.     In its efforts to collect the alleged Debt, Defendant again contacted Plaintiff by letters including the letter dated January 28, 2020. (the "January Letter") (A true and accurate copy of the January Letter is annexed hereto as Exhibit 1).

31.     The January Letter conveyed information regarding the alleged Debt.

32.     The January Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

33.     The January Letter was received and read by Plaintiff.

34.     15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendant. As set forth herein, Defendant deprived Plaintiff of this right.

35.     Plaintiff's injury is "particularized" and "actual" in that the letter that caused the injury was addressed and sent to Plaintiff specifically.

36.     Plaintiff's injury is directly traceable to Defendant's conduct, because Defendant sent the Letter.

37.     A favorable judicial resolution of Plaintiff's case would redress Plaintiff's injury with damages.

38.     The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

39.     Plaintiff has been misled by Defendant's actions.

40.     Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to use abusive, deceptive, unfair and unlawful means in its attempts to collect the alleged Debt.

41.     Plaintiff justifiably fears that, absent this Court's intervention, Defendant will ultimately cause her unwarranted economic harm.

42.     As a result of Defendant's conduct, Plaintiff was forced to hire counsel and therefore has incurred damages including reasonable attorneys' fees in reviewing Plaintiff's rights under the law and prosecuting this claim.

43.     As a result of Defendant's conduct, Plaintiff's counsel was forced to expend time and money to investigate the enforceability of the Debt.

44.     Upon information and belief, Plaintiff can prove that all actions taken by Defendant as described in this Complaint were taken willfully, with either the desire to harm Plaintiff with knowledge that its actions would very likely harm Plaintiff, and/or with knowledge that its actions were taken in violation of the law.

45.     The December Letter is labelled as a "PRE-LEGAL NOTIFICATION."

46.     The label is in a stylized and emphasized font, placed in the upper right corner of the December Letter.

47.     Additionally, the Decemeber Letter states: "Midland Credit Management, Inc. has made several attempts to contact you regarding this account. MCM is now considering forwarding your account to an attorney in your state for possible litigation. Upon receipt of this notice, please pay at **MidlandCredit.com** or call **877-798-6947** to discuss your options. If we don't hear from your or receive payment by **1/25/2020** we may proceed with forwarding this account to an attorney."

48.     The January Letter contains a partially shaded box in the center of the Letter which states in bolded and enlarged font, "PRE-LEGAL NOTIFICATION", followed by "SECOND NOTICE. Pay at MidlandCredit.com or Call 877-211-9872."

49.     The January Letter states, "We are proceeding with an evaluation of your account and are considering forwarding this account to an attorney in your state for possible litigation. Contact us by 2/27/2020 to resolve this account.

50.     Moreover, in its efforts to collect the alleged debt, the Letter states, "STOP THE PRE-LEGAL PROCESS" which is adjacent to "Pay your full balance of $3,316.27", which suggests that the consumer can pay the full balance of the alleged debt or face possible legal action as indicated throughout the Letter.

51.     The January Letter further states, "If your account goes to an attorney, the flexible options below may no longer be available to you. If this process results in litigation, and a judgement is entered against you, the judgement will be enforceable to state law."

52.     Defendant did not forward Plaintiff's account to an attorney, as was threatened in the December Letter.

53.     On information and belief, Defendant never intended to forward Plaintiff's account to an attorney, as was threatened in the December Letter.

54.     On information and belief, Defendant did not forward Plaintiff's account to an attorney, as was threatened in the January Letter.

55.     On information and belief, Defendant never intended to forward Plaintiff's account to an attorney as was threatened in the January Letter.

56.     Defendant's conduct in threatening legal action that it did not intend to take is a false, deceptive, and/or misleading representation or means in connection with the collection of a debt in violation of 15 U.S.C. § 1692e.

57.     Defendant's conduct is a threat to take any action that is not intended to be taken, in violation of 15 U.S.C. § 1692e(5).

58.     Defendant's conduct in threatening legal action that it did not take is a false, deceptive, and/or misleading representation or means in connection with the collection of a debt in violation of 15 U.S.C. § 1692e

59.     Defendant's conduct is the "use of any false representation or deceptive means to collect or attempt to collect any debt" in violation of 15 U.S.C. § 1692e(10).

60.     For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e 1692e(5), 1692e(10) and is liable to Plaintiff therefor.

## CLASS ALLEGATIONS

61.     Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York.

62.     Plaintiff seeks to certify the following class:

63.     All consumers to whom Defendant sent a collection letter substantially and materially similar to the Letter sent to Plaintiff, which Letter was sent on or after a date one year prior to the filing of this action to the present.

64.     This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

65.     The Class consists of more than thirty-five persons.

66.     Plaintiff's claims are typical of the claims of the Class.  Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

67.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.  Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

68.     Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

69.     Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered as follows:

    a.     Certifying this action as a class action; and

    b.     Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel;

    c.     Finding Defendant's actions violate the FDCPA; and

    d.     Awarding Plaintiff statutory damages in the amount of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A); and

    e.     Awarding Plaintiff actual damages in an amount to be determined at trial as provided under 15 U.S.C §1692k(a)(1) and

    f.     Awarding Plaintiff's the costs of this action and reasonable attorneys' fees

as provided under 15 U.S.C. § 1692k(a)(3); and

g.       Awarding Plaintiff such other and further relief that the Court determines is just and proper.

DATED: January 29, 2021

                       **BARSHAY SANDERS, PLLC**

                       By: _/s Craig B. Sanders_
                       Craig B. Sanders, Esq.
                       100 Garden City Plaza, Suite 500
                       Garden City, New York 11530
                       Email: csanders@barshaysanders.com
                       Tel: (516) 203-7600
                       Fax: (516) 282-7878
                       *Attorneys for Plaintiff*
                       Our File No.: 120164

